IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHANNEL PARTNERS CAPITAL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:24-cv-2761 |
| | ) | |
| v. | ) | |
| | ) | |
| BAGI LOGISTICS, LLC, and | ) | |
| ALEKSA BLAGOJEVIC, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

NOW COMES Plaintiff CHANNEL PARTNERS CAPITAL, LLC ("Channel"), by and through counsel, and for its Complaint against Defendant BAGI LOGISTICS, LLC ("Bagi Logistics"), and Defendant ALEKSA BLAGOJEVIC ("Blagojevic") (collectively, the "Defendants"), states as follows:

**PARTIES**

1. Channel is a Delaware limited liability company with its principal place of business located in Minnetonka, Minnesota. Channel Partners' sole member is CPC Investments, LLC, a Delaware limited liability company, located at 40th West 57th Street, 4th Floor, New York, New York 10019, whose sole member is CPC Investor, LLC. CPC Investor, LLC is a Delaware limited liability company, located at 40th West 57th Street, 4th Floor, New York, New York 10019, whose sole members are: CPC International, Inc., a Delaware corporation, whose principal place of business is located at 40th West 57th Street, 4th Floor, New York, New York 10019 and CPC Associates, Inc., a Delaware corporation, whose principal place of business is located at 40th West 57th Street, 4th Floor, New York, New York 10019.

1

2. Bagi Logistics is a limited liability company organized under the laws of the State of Illinois, with its principal place of business located at 6163 Knoll Wood Road, Apt. 203, Willowbrook, IL 60527. Upon information and belief, Blagojevic is the sole member of Bagi Logistics.

3. Blagojevic is a citizen of the State of Illinois, who maintains his domicile at 6163 Knoll Wood Road, Apt. 203, Willowbrook, IL 60527.

## JURISDICTION AND VENUE

4. Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1332(a)(1) insomuch as the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2), because a substantial part of the events or omissions giving rise to Channel's claims occurred in this judicial district, and because the Defendants reside and/or conduct business in this judicial district.

## BACKGROUND

6. On or about January 30, 2023, Channel as lender, and Bagi Logistics, as borrower, entered into Business Loan and Security Agreement No. XXX87-1M (the "First Agreement"), whereby Bagi Logistics granted Channel a security interest in all of Bagi Logistics' personal property assets including but not limited to, business equipment, inventory, accounts, accounts receivable, intellectual property, chattel paper, instruments, deposit accounts, commercial tort claims, contract rights, licenses, claims, general intangibles and any other assets and properties of any kind whatsoever, whether now owned or hereafter acquired, wherever located, together with all proceeds including insurance proceeds (the "First Agreement Collateral"). A true and correct copy of the First Agreement is attached hereto as Exhibit 1.

7. Pursuant to the First Agreement, Bagi Logistics agreed to make fifteen (15) consecutive monthly payments in the amount of $9,000.00, plus applicable taxes. *See* Exhibit 1.

8. To induce Channel to enter into the First Agreement, Blagojevic personally guaranteed the obligations of Bagi Logistics under the First Agreement pursuant to the Guaranty (the "First Guaranty") which he executed simultaneously with the Agreement. A true and correct copy of the First Guaranty is located on the face of Exhibit 1.

9. On or about May 16, 2023, Channel as lender, and Bagi Logistics, as borrower, entered into Business Loan and Security Agreement No. XXX85-1M (the "Second Agreement"), whereby Bagi Logistics granted Channel a security interest in all of Bagi Logistics' personal property assets including but not limited to, business equipment, inventory, accounts, accounts receivable, intellectual property, chattel paper, instruments, deposit accounts, commercial tort claims, contract rights, licenses, claims, general intangibles and any other assets and properties of any kind whatsoever, whether now owned or hereafter acquired, wherever located, together with all proceeds including insurance proceeds (the "Second Agreement Collateral"). A true and correct copy of the Second Agreement is attached hereto as Exhibit 2.

10. Pursuant to the Second Agreement, Bagi Logistics agreed to make fifteen (15) consecutive monthly payments in the amount of $4,500.00, plus applicable taxes. *See* Exhibit 2.

11. To induce Channel to enter into the Second Agreement, Blagojevic personally guaranteed the obligations of Bagi Logistics under the Second Agreement pursuant to the Guaranty (the "Second Guaranty") which he executed simultaneously with the Agreement. A true and correct copy of the Second Guaranty is located on the face of Exhibit 2.

12. Bagi Logistics defaulted under the Second Agreement by failing to make the payment due on August 1, 2023 and all payments thereafter.

13. Blagojevic failed to make payments due pursuant to the Second Guaranty.

14. On August 4, 2023 Channel perfected its security interest in the Second Agreement Collateral by filing a UCC-1 Financing Statement with the Illinois Secretary of State. A true and correct copy of the UCC-1 Financing Statement for the Second Agreement Collateral is attached hereto as Exhibit 3.

15. Bagi Logistics defaulted under the First Agreement by failing to make the payment due on August 15, 2023 and all payments thereafter.

16. Blagojevic failed to make payments due pursuant to the First Guaranty.

17. Channel demanded payment of the remaining amounts due from Bagi Logistics under the First Agreement and the Second Agreement (collectively the "Agreements") and from Blagojevic under the First Guaranty and Second Guaranty (collectively the "Guaranties"), but Bagi Logistics and Blagojevic failed to make payment.

18. The failure to make timely payments constitutes a default pursuant to the Agreements and Guaranty. *See* Exhibit 1, ¶ 5; *see* Exhibit 2, ¶ 5.

19. As a result of the default under the Agreements, Channel is entitled to all loan payments along with any other amounts due, immediately due and payable less five percent (5%) of the remaining unpaid payments as determined by Channel Partners' records, late charges, recovery of the Collateral; and recovery of interest on any unpaid balance at the rate of eighteen percent (18%) per annum, continuing to accrue until judgment is entered, plus attorneys' fees and costs pursuant to the Agreement. *See* Exhibit 1, ¶¶ 2, 5; *see* Exhibit 2, ¶¶ 2, 5.

20. Channel has fully performed its obligations under the terms of the Agreement.

**COUNT I - BREACH OF CONTRACT**
**AGAINST BAGI LOGISTICS, LLC.**

21. Channel realleges and re-asserts Paragraphs 1 through 20 of its Complaint as though fully set forth herein.

22. Bagi Logistics defaulted under the Agreements by failing to make payments when due.

23. Due to Bagi Logistics' default under the Agreements, Channel has suffered actual damages in the amount of $132,525.00, which is the remaining receivable balance discounted to the present value as of March 19, 2024, plus prejudgment interest and attorneys' fees and costs.

WHEREFORE, Plaintiff CHANNEL PARTNERS CAPITAL, LLC, respectfully requests that the Court enter judgment in its favor and against Defendant BAGI LOGISTICS, LLC., in the amount of $132,525.00, plus interest and attorneys' fees and costs, and grant all other and further relief which this Court deems just.

### COUNT II – BREACH OF GUARANTY
### AGAINST ALEKSA BLAGOJEVIC

24. Channel re-alleges and re-asserts Paragraphs 1 through 23 of its Complaint as though fully set forth herein.

25. Blagojevic defaulted under the Guaranties by failing and refusing to make payments when due.

26. Because of Blagojevic's default under the Guaranties, Channel is owed a balance in the amount of $132,525.00, plus interest and attorneys' fees and costs.

WHEREFORE, Plaintiff CHANNEL PARTNERS CAPITAL, LLC, respectfully requests that the Court enter judgment in its favor and against Defendant ALESKA BLAGOJEVIC in the amount of $132,525.00, plus interest and attorneys' fees and costs, and grant all other and further relief which this Court deems just.

                                              CHANNEL PARTNERS CAPITAL, LLC

By:    /s/ D. Alexander Darcy
         D. Alexander Darcy (ARDC#: 06220515)
         Darcy & Devassy PC
         444 N. Michigan Ave., Suite 3270
         Chicago, IL 60611
         (312) 784-2400 (t)
         (312) 784-2410 (f)
         adarcy@darcydevassy.com